IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CATHERINE FERNANDEZ,<br><br>    Plaintiff,<br><br> v.<br><br>BOARD OF PEMBERTON TOWNSHIP, et al.,<br><br>    Defendants. | Civil No. 20-8600 (RMB/MJS)<br><br>**OPINION** |

THIS MATTER comes before the Court upon the filing of a Complaint and application to proceed *in forma pauperis* by Plaintiff Catherine Fernandez. Plaintiff originally filed her Complaint and IFP application in July 2020. The Court then denied Plaintiff's application due to several errors in the paperwork. [Docket No. 2]. Thereafter, Plaintiff filed requests for additional time to respond to the Court's order, which were granted. Plaintiff has now filed an updated IFP application and an Amended Complaint [Docket Nos. 6 and 9].

As noted previously, the Court's decision to grant or deny an IFP application is based solely on the economic eligibility of the applicant, see Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). Having reviewed Plaintiff's financial affidavit, the Court will grant Plaintiff's application to proceed *in forma pauperis*.

1

A Complaint filed by a litigant proceeding *in forma pauperis* is subject to *sua sponte* dismissal by the Court if the case is frivolous or malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). In determining the sufficiency of a *pro se* Complaint, the Court must be mindful to construe it liberally in favor of the *pro se* party, see Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).

In its previous order, the Court advised Plaintiff that her allegations were time-barred by the applicable statute of limitations and that her Complaint failed to comply with Federal Rule of Civil Procedure 8. [See Docket No. 2]. In response, Plaintiff filed an amended complaint and a request to equitably toll the statute of limitations.

The doctrine of equitable tolling permits a plaintiff to bring a claim after the applicable statute of limitations has expired "if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999). Yet Plaintiff has failed to identify an inequitable circumstance that prevented her from bringing these claims before the expiration of the statute of limitations. Although Plaintiff contends that several mental health episodes, and related treatment, have delayed her filing of this action, this argument does not establish that equitable tolling is

appropriate-- particularly given that Plaintiff's claims allegedly arose beginning in 2005.

Moreover, this argument ignores Plaintiff's involvement in other litigation. In 2016, Plaintiff filed a substantially similar case on behalf of her daughter. See Martino v. Pemberton Township Board of Education, et al., 16-9456 (RMB). For approximately one year, Plaintiff attempted to serve as her daughter's *pro se* counsel in that action until the Court severed her ties to the case. [16-9456, Docket No. 30]. Plaintiff then attempted to appeal her removal and was denied. See Catherine Fernandez v. Pemberton Township High School, et al, 17-3423 (3d. Cir. 2017). Nevertheless, Plaintiff repeatedly attempted to insert herself into that dispute by filing various letters and motions. [See 16-9456, Docket Nos. 97, 101, and 102]. Although Plaintiff may be dissatisfied with the resolution of that original dispute, her involvement in that matter clearly establishes that Plaintiff's health did not prevent her from pursuing litigation.

In addition, Plaintiff has not alleged that Defendants' conduct "lulled [her] into foregoing prompt attempts to vindicate her rights," see Hammer v. Cardio Medical Products, 131 Fed.Appx. 829, 831 (3d Cir.2005), nor has she alleged that any discriminatory actions occurred during the limitations period. As a general rule, equitable tolling is a remedy that

3

should be "applied sparingly," Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002), and this case does not present an exception to that rule.

Independent of the above, Plaintiff's Amended Complaint [Docket No. 9-1] also fails to comply with Fed. R. Civ. P. 8. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) ("Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in [Bell Atlantic v. Twombly, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . [A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotations omitted).

Here, Plaintiff provides largely conclusory allegations about Defendants' actions and offers very few facts to contextualize this dispute. For example, the Amended Complaint claims that "the defendants intentionally inflicted emotional and mental distress upon the plaintiff," and that "the defendants exposed the plaintiff to a hostile environment by discriminating and retaliating against the plaintiff," [Docket No. 9-1] but does not connect these allegations to the conduct of Defendants. Similarly, Plaintiff alleges several injuries

4

that are, given the allegations in the Amended Complaint, not fairly traceable to Defendants' purported conduct. For example, Plaintiff claims that she was "unable to finish her education due to the alarm, fear, and worry the defendants caused the plaintiff," and that her child "shows mistrust to the plaintiff's opinions, morals, and beliefs." But without factual support connecting these purported injuries to Defendants' conduct, the Court cannot grant relief.

Although Plaintiff clearly seeks redress for the injuries she allegedly suffered in connection with the previous IDEA dispute and lawsuit involving Defendants and Plaintiff's daughter, see <u>Martino v. Pemberton Township Board of Education, et al.</u>, 16-9456, Plaintiff fails to state a valid claim here. The Court has no doubts that any parent who believes that his or her child has been mistreated in school will suffer some degree of emotional distress. But this does not necessarily mean that the school intentionally or recklessly caused emotional distress to that child's parent under New Jersey tort law. Similarly, a school system's refusal to fully adopt every request that a parent makes about his or her child's education is not necessarily discriminating against that parent. Finally, a school system has not necessarily "retaliated" against a parent by reporting a parent to the New Jersey State Division of Youth and Family Services, even when the parent has

5

previously filed complaints against the school system. Yet Plaintiff argues, with no factual support, that Defendants' actions are necessarily tortious and discriminatory. But there are no facts in the Amended Complaint that support this conclusion, and, under these circumstances, this case cannot move forward.

Accordingly, the Court finds that Plaintiff's Amended Complaint should be dismissed for failure to state a claim. Given that the Court has previously permitted Plaintiff to amend her complaint, and the Court's finding that Plaintiff's claims are time-barred, any further amendments would be futile. Therefore, the Court will Dismiss the Amended Complaint with Prejudice. An appropriate Order accompanies this Opinion.

        s/ Renée Marie Bumb
        RENÉE MARIE BUMB
        UNITED STATES DISTRICT JUDGE