[Docket No. 19]

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE

|  |  |
|---|---|
| CATHERINE FERNANDEZ, | |
| Plaintiff, | Civil No. 20-8600 (RMB/MJS) |
| v. | |
| BOARD OF PEMBERTON TOWNSHIP and PEMBERTON HIGH SCH., | **OPINION** |
| Defendants. | |

## BUMB, U.S. DISTRICT JUDGE

This matter comes before the Court upon the Motion for Relief from Final Judgment Pursuant to FED. R. CIV. P. 60(b) by Plaintiff Catherine Fernandez ("Plaintiff"). [Docket No. 19.] This Court previously dismissed Plaintiff's case with prejudice finding that her (1) claims were time-barred, and (2) largely conclusory allegations failed to comply with FED. R. CIV. P. 8(a)(2). [Docket No. 13.] The Third Circuit affirmed this Court's dismissal of Plaintiff's case after she appealed. [Docket No. 18.] Because the arguments made in support of the present motion were the same arguments rejected by the Third Circuit on appeal, the Court shall deny the pending motion, with prejudice, for the reasons set forth herein.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      Plaintiff's Initial Complaint and Application to Proceed *In Forma Pauperis*

On July 8, 2020, Plaintiff initiated this action by filing a *pro se* Complaint against Pemberton Township High School, where Plaintiff's daughter attended school before graduating in June 2018, and the Board of Pemberton Township (together the "Defendants"). [Docket No. 1.] In the Complaint, Plaintiff alleges the Defendants discriminated and retaliated against her on the basis of her disability, ethnicity or perceived ethnicity, socioeconomic status, and status as a single mother. [*Id.*] More specifically, "Plaintiff seeks redress of her own injuries she alleges she suffered in connection with a previous IDEA dispute and lawsuit involving [the] Defendants and Plaintiff's daughter."[1] [Docket No. 2.] With the Complaint, Plaintiff also included an application to proceed *in forma pauperis* ("IFP"). [Docket No. 1, Doc. 1-1.]

Initially, this Court rejected Plaintiff's application to proceed IFP because the application was incomplete. [Docket No. 2, at 2.] In the same Order denying her IFP application, this Court also noted apparent deficiencies regarding Plaintiff's claims as

---

[1] Plaintiff previously brought a separate action before this Court on behalf of her daughter alleging claims of discrimination by the Defendants. *See Martino v. Pemberton Township Board of Education, et al.,* Civ. No. 16-9456 (RMB/JS). However, finding that there was no need for Plaintiff to represent her daughter as guardian *ad litem* in this other case, the Court Ordered that Plaintiff's daughter replace her as the named party in that case, terminating Plaintiff from this other action on December 15, 2017. [*Id.*, Docket No. 41.] On July 16, 2018, the Court also appointed pro bono counsel to represent Plaintiff's daughter in her case. [*Id.*, Docket No. 71.]

set forth in the Complaint and granted leave for Plaintiff to amend because Plaintiff's Complaint "fail[ed] to comply with FED. R. CIV. P. 8(a)(2)," among other things. [*Id.* at 3-4.] This Court also noted "Plaintiff's discrimination and retaliation claims are likely time-barred" under the applicable statutes of limitations because "[i]f Plaintiff's daughter graduated sometime in June 2018, the instant suit—which was filed on July 8, 2020—was filed more than [2] years after the last alleged incident of discrimination or retaliation." [*Id.* at 3.] This Court allowed Plaintiff the opportunity to clarify her pleadings and demonstrate that her claims were not, as it initially appeared, time-barred. [Docket No. 2.]

### B.   Plaintiff's Amended Complaint

On July 24, 2021, Plaintiff filed an updated IFP application, which this Court granted based on the updated (and now complete) financial information provided by the Plaintiff. [Docket Nos. 6 & 13.] Plaintiff also filed an Amended Complaint on August 24, 2020, including a request to equitably toll the applicable statute of limitations for her claims due to circumstances arising from personal mental health issues and the state of emergency caused by the Covid-19 pandemic. [Docket No. 9.]

The Court denied Plaintiff's request for equitable tolling because "Plaintiff has failed to identify an inequitable circumstance that prevented her from bringing these claims before the expiration of the statute of limitations." [Docket No. 12, at 2-3.] This Court noted "Plaintiff's claims allegedly arose beginning in 2005…" and although Plaintiff contends "several mental health episodes, and related treatment, have delayed her filing of this action," Plaintiff initiated other *pro se* litigation (albeit

on behalf of her daughter) during the statute of limitations period. [*Id.*] For example, this Court noted that "Plaintiff's mental health did not prevent her from filing related disputes with this Court, the Third Circuit, and the U.S. Department of Education-Office for Civil Rights." [Docket No. 15, at 2 (citations omitted).]

In addition, this Court found Plaintiff's Amended Complaint still failed to state a short and plain statement showing the pleader is entitled to relief in compliance with FED. R. CIV. P. 8(a)(2): "Plaintiff provides largely conclusory allegations about Defendants' actions and offers very few facts to contextualize this dispute" and "argues, with no factual support, that Defendants' actions are necessarily tortious and discriminatory." [*Id.*] On April 12, 2021, this Court, again, dismissed Plaintiff's claims as set forth in the Amended Complaint, *sua sponte*, this time with prejudice. [Docket No. 13.]

### C.    Plaintiff's Motion for Reconsideration

On April 19, 2021, after this Court's dismissal of the Amended Complaint, Plaintiff filed a letter which this Court construed as a Motion for Reconsideration under Local Civil Rule 7.1(i). [Docket Nos. 14, 15.] On April 21, 2021, this Court denied Plaintiff's motion because "Plaintiff has failed to identify any grounds that warrant reconsideration." [*Id.* at 1.] This Court cited *Max's Seafood Cafe* in which the Third Circuit limited reconsideration to three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." 176 F.3d 669, 677 (3d Cir.

1999). This Court explained that "Plaintiff's argument that her mental health and the COVID-19 pandemic prevented her from filing this dispute earlier" does not constitute a "manifest injustice" because the record makes it clear Plaintiff filed related disputes during that same period. [Docket No. 15 at 1-2.] Furthermore, this Court found the argument that Plaintiff believed courts to be closed due to the Covid-19 pandemic "amounts to excusable neglect, and is insufficient." [*Id.* at 2-3 (citing *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013)).]

### D.   Plaintiff's Appeal to Third Circuit Court of Appeals

The same day Plaintiff sent a letter to this Court for reconsideration, Plaintiff appealed the dismissal of her Amended Complaint to the Third Circuit. [Docket No. 16.] On appeal, Plaintiff made the exact same argument as in her Amended Complaint and Motion for Reconsideration before this Court: that her claims were not time-barred, but instead subject to equitable tolling, because "[t]he effects of the medications and the covid 19 shutdown was beyond my control." [*Id.* at 2.] On appeal, Plaintiff also requested "more time to amend my complaint," and that a pro-bono lawyer be appointed to represent her. [*Id.* at 2.]

On December 16, 2021, the Third Circuit rejected those arguments and issued a judgment affirming this Court's dismissal of the Amended Complaint. [Docket No. 18.]

E.      **Plaintiff's Pending Motion for Relief from Final Judgment Pursuant to FED. R. CIV. P. 60(b)**

After the Third Circuit dismissed Plaintiff's appeal, Plaintiff filed the pending Motion for Relief from Final Judgment Pursuant to FED. R. CIV. P. 60(b) with this Court, seeking relief from this Court's dismissal of her Amended Complaint on the grounds that "the Court erred legally and factually in that [Plaintiff] was entitled to relief at the time [Plaintiff] filed [her] papers initially." [Docket No. 19, at 2.]

Having reviewed the pending motion, this Court finds that Plaintiff did not raise any new legal or factual arguments and instead points again to conclusory allegations, restates the same averments in her previous filings, and raises the same arguments made before this Court previously and on appeal. For example, Plaintiff again alleges this Court erred in denying her claim as time-barred because she "provided inequitable reasons for filing [her] complaint late." [*Id.* at 13.] Plaintiff also reiterates "a debilitating disability… stopp[ed] me from filing my complaint in a timely manner" and "the District Court did not address [Plaintiff's] motion for tolling for a state of emergency," referring to the Covid-19 pandemic. [*Id.* at 11-12.]

## II.     LEGAL STANDARD

As applicable here, FED. R. CIV. P. 60(b) provides "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons…mistake, inadvertence, surprise, or excusable neglect" or "any other reasons that justifies relief." FED. R. CIV. P. 60(b)(1) and (6). Rule 60 is intended to strike a balance between the "conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978).

### III.   ANALYSIS

The Third Circuit held that following an appeal, "[t]he district court is without jurisdiction to alter the mandate of this court **on the basis of matters included or includable in defendants' prior appeal.**" *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982) (emphasis added). In *Seese*, the Third Circuit explained this holding was consistent with the U.S. Supreme Court's earlier decision in *Standard Oil Co. v. United States*, 429 U.S. 17 (1976). *Id.* at 337, n.1. There, the Supreme Court held the District Court had jurisdiction to reopen a case pursuant to a Rule 60(b) when the basis for the motion was later events not in the record before the appellate court. *Id.* at 17-18. The pending motion, based on argument squarely rejected on appeal, is the flipside of this same coin.

In a more recent opinion, the Third Circuit reaffirmed that a Rule 60(b) motion is not an appropriate avenue to circumvent an appellate court ruling where the basis of the motion was includable or included in the prior appeal. *See Bernheim v. Jacobs*, 144 F. App'x 218, 221-22 (3d Cir. 2005). Here, the Third Circuit reconciled the holding from both *Standard Oil* and *Seese*, explaining that

> [r]ead together, *Standard Oil* and *Seese* distinguish between a Rule 60(b) motion based on matters that were before the court on appeal, which may not be reviewed subsequently by the district court, and a Rule 60(b) motion based on matters that come to light after the appellate court has issued a decision, which properly may be reviewed by the district court. *Id.* at 222.

The basis of Plaintiff's Motion was already included in her appeal and affirmed by the Third Circuit Court of Appeals, therefore this Court has no jurisdiction to entertain the present Rule 60(b) motion. [Docket No. 16.] Specifically, both arguments made in support of the pending motion that (1) Plaintiff's claims were equitably tolled and not time-barred due to inequitable circumstances and (2) Plaintiff did in fact state a valid claim alleging discrimination and retaliation; were included and rejected on appeal. [*Id.*] Absent new evidence or for another reason permitted under Rule 60(b), this case is over.

## IV.   CONCLUSION

For the reasons stated above, the Court shall dismiss, with prejudice, Plaintiff's Motion for Relief from Final Judgment Pursuant to FED. R. CIV. P. 60(b). [Docket No. 19.] An accompanying Order of today's date shall issue.


November 3, 2022                                       s/Renée Marie Bumb
Date                                                            Renée Marie Bumb
                                                                  U.S. District Judge